The opinion of the Court was delivered by
HUSTON, J.
This case, and the matters in contest, will be ' better understood by going back to another cause. In 1833, Patience Morton applied to the Orphans’ Court for a citation commanding Isaac Norris, her trustee under the will of Joseph Morton, late of Charleston, deceased, to settle his account and pay her what might be due to her. The whole will was annexed *172 to the petition. An account was filed and referred to an auditor,' whose report sets out the will of Joseph Morton so far as related to the petitioner then before the Court, and to the present petitioner. After sundry bequests not material, he gave his residuary estate to his widow for life; to the petitioner, Joseph M. Morton, the undivided moiety of his residuary estate, but if he died under twenty-one, then over, (he was much more than twenty-one years of age, as he is married according to a will made in 1809 — thé widow died in 1828;) — also one-half of the house and lot in which he lived, in tail or for life, and a contingent remainder in the other half, dependent on P. M. Morton dying without issue ; to Patience M. Morton he gave in the same words one-half of the residue on the wife’s death, and half the lot on the same terms, dependent on Joseph’s death.
The auditor further reported, that Isaac Norris was duly appointed trustee; and his appointment and acceptance are set out at large in those proceedings; and further, that'the real property by a decree of a Court of Chancery, in South Carolina, was sold and that the moiety of net proceeds was $291. The account of the executor of * Joseph Morton’s will is an exhibit in that case, showing the amount of personal estate belonging to Joseph and Patience M. Morton. The auditor then states the amount of the whole proceeds of personalty, which, as both attained twenty-one years, is absolutely their property; and also the amount of net proceeds of the house — to the interest of one-half of which each is entitled for life.
To this report two exceptions were filed by the trustee, and eventually an appeal was taken to the Supreme Court; and the decree was modified according to the claims of the trustee, and the Court adjudged the whole amount in the trustee’s hands to be, after making all deductions for expenses, &c. $2873 19, of which sum the said Patience was entitled to one-half, viz. $1436 59; and then made a further deduction for moneys before paid, leaving $1057 35 then payable to her; and the Court further ordered the interest on $291, being one-half of the net proceeds of the house, to be paid to her during her life, and at her death to be paid according to the directions of the said will.
'The respondent was trustee for Joseph as well as Patience. An account settled by a trustee binds all whose claims are embraced in it, and binds the trustee as to the amount decreed to have come to his hands, and as to the proportion and amount due to each claimant. Notice is given, and the object and intention of the law is, that a trustee shall not be called to account to each, and that each shall not be put to the trouble and expense of compelling a separate settlement. It is not necessary to decide whether, if the trustees had receipts for payments to a claimant *173 not immediately before the auditor, ho might not on a proper and early application, be allowed to open an account. Nothing of the kind, however, is alleged here. This decree of the Supreme Court was remitted to the Orphans’ Court. This was all in 1833 and 1834. It may be added, that her share seems by this record to have been satisfied.
In 1837, Joseph M‘Kenzie Morton, the appellee in this cause, presented a petition to the Court of Common Pleas of Philadelphia County, under the provisions of a late act of assembly; and as the whole argument here turned on the formality of the proceedings, I must cite some parts of them. The petition states that Isaac Norris, as trustee, has in his hands a portion of the estate of Joseph Morton, deceased, late of Charleston, &c. to be disposed of according to the directions of the last will of the said Joseph Morton : that by the terms of that will the greater portion of the same is payable to the petitioner, &c.; that by the admission of the said Isaac Norris, the sum of $1419 39 was in his hands on the 6th of June, 1836, as also by a settlement of his accounts in this Court acquiesced in by him; but the petitioner alleges a greater sum to bo due to him: that of the said sum of $1419 39, admitted by the trustee, the sum of $1123 29, together with interest on the whole sum from the said 6th of is due and the law *and the intent of the trust, and praying a citation and a decree to pay, &c.
A citation issued, and on the 9th of March we find the answer of “ Isaac Norris, trustee under the last will and testament of Joseph Morton, deceased, to the petition,” &c. After a protestation and reservation of exceptions as to the errors, uncertainties, and inaccuracies of the petition, the respondent admits, “that he has in his hands, as trustee aforesaid, the sum of $1414 19, as appears in the account which was formerly settled in this honorable Court, and which was confirmed by themthat he expended $40 in prosecuting an appeal to the Supreme Court, &c. The respondent denies that any part of the said fund is held in trust for the said petitioner, or that by the terms of the said will any part thereof is payable to him ; and prays judgment, &c.
The petitioner filed four interrogatories, which were answered, with a protest against the power of the Court to compel answers. The first repeats the admission of the sum in his hands. The second states that Joseph M‘Kenzie Morton, the person named in the will of Joseph Morton, is entitled to part of the principal sum, and interest on the residue; but whether the petitioner is the person named in the said will, the respondent declared that he knew not, and that the said fund is claimed by Patience M. Morton. The third states, that on the 5th of May, 1836, he aid the petitioner part of the fund in his hands. The fourth is *174 the same in substance as the first. It is not easy to conjecture why, in this and in another case at this term, there is found a protest against answering interrogatories on oath. Every act of assembly relating to assignees and trustees, gives to the Court in which the hearing may be, that power; and it is repeated again in the 33d section of the act of 14th June, 1836. The only objections here were to the form of the petition; and certainly, if objected to in the Court below, that Court would have required that it should be in several respects more specific; but an answer is put in, and this shows that the respondent knew the petitioner, and the will, and that he was trustee for him, and had settled finally, and after much litigation, an account; and he states the amount of that account. It would be strange if we should reverse, for defect of form in proceedings in the Common Pleas, when the respondent made no objection there on that ground, and when his answer supplied every particular in which the petition was defective, and the decree was made on that answer.
No act of assembly prescribes any form for these petitions; each of them ought, however, to set out enough to show the nature and ground of the claim, so that it may appear what was asked and what was done, There is, however, an excuse in the present case. On a former citation, the will, and the fund, and the appointment and acceptance of the trustee, and the amount received by him, had all been before the same judges, and were eventually settled in this * Court. The amount due to the petitioner was then settled; but as he was not the applicant on that hearing, and several years have elapsed, his present petition was to obtain payment of the sum then decreed; and if his petition had recited that decree, or referred to it by a prout, as it was in the same Court, not much of form was requisite beyond this.
An objection is also made, that the testimony before the Common Pleas was not here ; and that as this Court cannot see that the decree was right, they ought to reverse. As to the last position, it is the reverse of the rule. We cannot reverse a decree on an appeal, unless the party appealing shows that injustice has been done. An appeal from a final decree calls for a decision on the merits; and we will rarely if ever notice defects of form not objected to below. The objection, however, is made on another mistake of fact: — the answer referred to and brought in the record on the first citation, and all proceedings under it, including the final decree. Those proceedings proved the whole case:— That Isaac Norris was trustee under J. Morton’s will, for Patience and Joseph M. Morton; the amount in his hands, and from what funds it arose ; and that Patience has no claim to the sum now decreed. The other exceptions were waived^
Decree affirmed.